Simon, J.
The plaintiff claims to be the owner of one undivided fifth interest in a number of slaves, which he says, is the interest which Frederic W. Stroud, one of the heirs of Sally Stroud, inherited from said Sally Stroud, his deceased mother, and which the said Frederic owned until divested of title by a sheriff’s sale of the same, to said plaintiff, in the year 1843. He sets up the sheriff’s sale as his title to the interest ivhich he claims in the slaves, which were acquired by inheritance from the said Sally, by her five children and heirs, who own each an equal and undivided interest in the same ; and he represents, that his interest requires that a partition of the slaves should be made in kind, or by a sale thereof. He therefore prays that the other four heirs of Sally Stroud, or their representatives, be cited to show cause, why a partition should not be made of said slaves according to la tv; that an inventory and appraisement be made, &c.
The defendants first pleaded as peremptory exceptions; that the property whieh the plaintiff claims, was acquired at sheriff’s *106 sale by a person purchasing in the name of said plaintiff, but 'without any power or authority to do so ; that no inventory and appraisement of the slaves were made before the institution of this suit for a partition thereof; and that the Court of Probates has no jurisdiction. They subsequently filed their separate answers to the merits, in which three of the defendants attempt to dispute the plaintiff’s title, under the sheriff’s sale, alleging that their coheir never was legally divested of his title to his portion of the slaves ; and they renew their plea to the jurisdiction of the court, as this case involves a direct question of title. They also set up divers matters going to destroy the validity of the sheriff’s sale, which was made under a twelve months’ bond, pretended to be signed by their brother Frederic, and allege fraud and bad faith on the part of the plaintiff’s agent, &c. The fourth defendant consents to the partition prayed for ; and says that, being in no manner concerned in the plaintiff’s title, she leaves it to those who are interested, &c.
Frederic W. Stroud intervened for the purpose of resisting the plaintiff’s claim under the alleged sheriff’s sale, and to show that he never was legally divested of his title to his portion of the slaves. He alleges that plaintiff’s title is fraudulent, as he became the purchaser for almost nothing, by a person who was not authorized to act as his mandatary or attorney in fact; that the intervenor’s share of the slaves was seized under an execution issued on a twelve-months’ bond purporting to have been signed by him, but which bond, if ever so signed, was done and executed while he was a minor and incapable of acting j that fraud was used to get his signature ; that he was not aware of the consequences, and being young and inexperienced, he was induced through fraudulent motives to sign said bond, which he believes, is null on its face, not containing his name, and is no bond at all. He therefore prays to be quieted in his title and possession of his undivided fifth of the property, <fcc.
The petition of intervention was answered by the plaintiff, who denied the existence of the fraud alleged, averring that no ill practices were used, to his knowledge, to obtain the intervenor’s signature to .the bond; and the case having been tried on its merits, judgment was rendered below in favor of the defendants and in- *107 tervenor, rejecting- the plaintiff’s claim under the sheriff’s sale ; and from this judgment, said plaintiff has appealed.
, The plea to the jurisdiction of the Probate Court, was properly-overruled, as under an act of 1843, p. 45, s. 3, it is provided, that Courts of Probate shall be competent to decide on questions of title to real property, brought before them, either directly or collaterally, in cases of partition.
■ The sale, under which the plaintiff pretends to have purchased the interest of the intervenor in the slaves by him inherited and owned in common with his four co-heirs, appears to have been the result of an adjudication made to said plaintiff, by the Sheriff, of “ all the right, title and interest which Frederic W. Stroud has, or may have, in and to the following negroes, &c.” which he had ■seized by virtue of a fi.fa., issued in the ordinary form, on a judgment rendered against the intervenor for the sum of $57 25, with interest and costs, and on the back of which fi.fa., the clerk had written: “ This execution is issued on a twelve-months’ bond, and the property seized to satisfy the same is to be sold for what it will bring in cash.” The adjudication was made to the plaintiff for $114 64^ in cash, which went in full satisfaction of the execution.
As to the twelve-months’ bond, which was not produced, and is not in the record, its existence appears to be admitted in the pleadings, since the intervenor alleges that it was obtained from him through fraud. No proof of the fraud alleged has been adduced, nor has the intervenor attempted to establish any of the faets by him pleaded; and were we to decide this case on the evidence produced by the plaintiff in support of his alleged title under the sheriff’s sale, his having shown the judgment, \vrit of execution, and deed of sale upon which his said title is based, would perhaps be deemed sufficient to sustain it.
But this case presents a question independent of the validity of ■the Sheriff’s proceedings, which, suggested by the appellant’s counsel in his written argument, cannot pass unnoticed, and on which, we think, the case must turn. It has been contended that the interest of an heir in a succession, being one entire thing, may be seized and sold under execution, but that part of an interest cannot be seized.
*108 In the case of Noble v. Nettles, (3 Robinson, 152,) we held that, under art. 647, of the Code of Practice, the undivided share of an heir in a succession, may be seized and sold under execution. But here, the undivided portion of the intervenor to the succession of his mother, was not seized, but simply the right, title and interest of the debtor to the slaves inherited by him and his coheirs from his said mother, were seized and sold, and the title so acquired to the intervenor’s undivided share in the said slaves, is the foundation of the plaintiff’s demand for a partition thereof. The object of this suit, therefore, under the allegation of the petition, is not to make a division of the estate between the heirs, but only to divide the slaves, or their proceeds if sold, between a person originally a stranger to the succession, and the heirs of the deceased. Can this be done 1
According to art. 867, of the Civil Code, “ succession signifies the transmission of the rights and obligations of the deceased to his heirs." It signifies also, the estate, rights and charges which a person leaves at his death ; (Civ. Code, art. 868 ;) it not only includes the rights and obligations of the deceased as they exist at the time of his death, but all that has accrued thereto, since the opening of the succession, and also the new charges to which it becomes subject; (Civ. Code, art. 869 ;) and it signifies also, that right by which the heir can take possession of the estate of the deceased, such as it may be. Ib. art. 870. Under these definitions, how could a succession be subdivided between one of the heirs, and one or more persons strangers to it, so as to give to one the right of claiming a part of the heirship, and to another another part? The transmission of the rights and obligations of a deceased person to his heir, or to each of his heirs for his undivided portion, is an entire thing, which must be exercised in the manner, under the charges, and to the extent in which it is transmitted, and cannot be so divided as to entitle divers persons to claim separately distinct rights to distinct portions of the inheritance devolved upon the heir, and to demand the partition of divers parts of the property, and other effects of which the succession is composed. It seems, therefore, that a creditor of the heir, or of one of the heirs, cannot seize and sell the title and right of his debtor to a specific part of the property *109 by him inherited; that the seizure must be for the whole of his said rights, including those rights, as well as the charges with which they are burthened ; so that, by the effect of the sale, they would be transferred to the purchaser with all the obligations of the deceased ; and it is clear, that this would not be the case, if a distinct part of the property was sold without a full transmission of the rights of the heir to the whole estate.
In the cage of-v. Fournier, yet unreported, we held, that a creditor of a legatee had no right to seize and sell a part of the legacy, aud that the whole legacy should be seized and sold under the execution. So, by analogy, we may also fairly apply to this case, the jurisprudence of this court, by which it has been uniformly settled, that a debt, as between the debtor and creditor, is indivisible, without the consent of both, and that the Sheriff must seize and sell the entire debt. 6 La. 190. 8 La. 535. And
as the effect of a sheriff’s sale, in the case of the seizure and sale of a debtor’s rights, debts, or claims, is nothing more than a mere transfer of said debtor’s rights and claims under the Sheriff’s deed, we are not prepared to say, that such transfer would be legal, if made for apart only of the rights and claims sold. 3 Rob. . 432.
With this view of the question, we think, that the seizure and sale of the intervenor’s title, right and interest to his undivided fifth portion of the slaves inherited by him from his mother, was illegal, as it was not a sale of all the rights and claims which he had to the succession of his said mother; that the intervenor’s portion of the said succession could not be subdivided, so as to entitle divers persons to exercise them separately for divers parts; and that the Judge, a quo, .did not err in considering the sale as a nullity.
But the evidence shows that the plaintiff has paid the debt for which the execution issued ; that the payment by him made to the Sheriff has turned to the benefit of the intervenor ; and we think it just, that his right to sue the latter for the reimbursement of the amount so paid, should be reserved to the plaintiff.
It is, therefore, ordered and decreed, that the judgment of the Probate Court be affirmed, with costs ; reserving to the plaintiff *110 the right of claiming the reimbursement of the amount by him paid to the Sheriff for the benefit of the intervenor.
Mayo, appellant, pro se.
McGuire, for the defendants.